UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| TROY ALAN SPEARS,  )<br>  )<br>          Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>NANCY A. BERRYHILL  )<br>ACTING COMMISSIONER OF THE  )<br>SOCIAL SECURITY ADMINISTRATION, )<br>  )<br>          Defendant.  )<br>_____) | Civil Action No. 4:17-cv-2710-TER<br><br><br><br><br>ORDER |

## ORDER

On May 14, 2019, Plaintiff, Troy Alan Spears, filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the basis that he was the prevailing party and that the position taken by the Commissioner, in this action was not substantially justified. (ECF No. 35). On May 28, 2019, the Commissioner responded with the filing of a stipulation for an award of attorney's fees stating that the parties had stipulated that Plaintiff should be awarded attorney's fees in the amount of $6,785.00 and costs in the amount of $17.67 pursuant to the EAJA. (ECF No. 36).[1]

Under the EAJA, a court shall award attorney's fees to a prevailing party[2] in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. Pierce v. Underwood, 487 U.S. 552 (1988); May v. Sullivan, 936 F.2d

---

[1] As the parties have entered into a stipulation for an award of attorney's fees pursuant to EAJA, Plaintiff's motion for attorney fees (ECF No. 35) is moot.

[2] A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. See Shalala v. Schaefer, 509 U.S. 292, 300–302 (1993). The remand in this case was made pursuant to sentence four.

176, 177 (4th Cir. 1991). The district courts also have broad discretion to set the attorney fee amount. In determining the fee award, "[e]xorbitant, unfounded, or procedurally defective fee applications ... are matters that the district court can recognize and discount." Hyatt v. North Carolina Dep't of Human Res., 315 F.3d 239, 254 (4th Cir. 2002) (citing Comm'r v. Jean, 496 U.S. 154, 163 (1990)). Additionally, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

As stated above, the parties have stipulated to an award of attorney's fees in the amount of $6,785.00 and costs in the amount of $17.67. Despite the stipulation, the court is obligated under the EAJA to determine if the fee is proper. See Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation."). Applying the above standard to the facts of this case, the court concludes that the Commissioner's position was not substantially justified. Furthermore, after a thorough review of the record, the court finds that the stipulated fee request is appropriate. Accordingly, the court approves the stipulation for attorney's fees and costs (ECF No. 36) and orders that the Plaintiff be awarded the $6785.00 in attorney's fees and $17.67 in costs and expenses.[3]

**IT IS SO ORDERED.**

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 31, 2019
Florence, South Carolina

---

[3]The court notes that the fees must be paid to Plaintiff. See Astrue v. Ratliff, 560 U.S. 586 (2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting the EAJA fees to offset of any pre-existing federal debts); see also Stephens v. Astrue, 565 F.3d 131, 139 (4th Cir. 2009) (holding the same).